IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARSHA A. LEWIS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JFM 02 CV 3147 |
| BOARD OF EDUCATION OF TALBOT COUNTY, et al. | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \*

### ANSWER ON BEHALF OF J. SAMUEL MEEK, JOHN MASONE AND GELSON BROOKS, REMAINING DEFENDANTS

NOW COME J. Samuel Meek ("Meek"), John Masone ("Masone") and Gelson Brooks ("Brooks"), remaining Defendants, in their individual capacities and in their official capacities, to the extent that Marsha A. Lewis ("Lewis"), seeks prospective injunctive relief, by Barry Bach, Lynn Edward Brenneman and Hodes, Ulman, Pessin & Katz, P.A., their attorneys, and for answer to the remaining claim in the Complaint, say:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants.

### SECOND DEFENSE

The Defendants enjoy immunity from liability.

### THIRD DEFENSE

Further answering each of the individual paragraphs of the Complaint, insofar as they relate to the remaining Defendants.

1. The Defendants are not required to respond to the jurisdictional averments set forth in this paragraph.

2. The Defendants are not required to respond to the averments concerning the propriety of venue.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

4. Inapplicable to these Defendants.

5. The Defendants admit that Meek is employed as the Superintendent of Talbot County Public Schools and has served in that capacity during all periods relevant to this proceeding. Defendants also admit that §4-102 of the Educational Article of the Annotated Code, he was the "Executive Officer, Secretary, and Treasurer of the [Board]." The Defendants further admit that the Educational Article sets forth the powers and duties of the Superintendent. The Defendants are not required to respond to the conclusory legal assertions set forth in the remainder of this paragraph.

6. The Defendants admit that Meek personally reviewed and approved Lewis' termination. The Defendant admit that Masone had administrative authority to approve the hiring and/or firing of any support staff employee in the Talbot County schools and each of the remaining averments in this paragraph.

7. Admitted.

8. Admitted.

9. Defendants admit that after Lewis was interviewed for the position, the Talbot County Public Schools hired her as a secretarial associate on June 21, 2001.

10. Admitted.

11. Defendants admit that Lewis began her employment with the Plan Operations Division on a six-month probationary period and deny the remaining averments in this paragraph.

12. Denied.

13. Denied.

14. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in this paragraph.

15. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in the first sentence of this paragraph. The Defendants deny each and every remaining averment set forth in this paragraph.

16. The Defendants deny that it was customary for employees to use Board computers to type personal letters during the employee's spare time. The Defendants admit the remaining averments of this paragraph.

17. Denied. The Defendants admit that the letter speaks for itself.

18. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments concerning the nature of the work performed on the letter by Lewis on her office computer on the referenced date but deny that any such personal usage was on her own time.

19. The Defendants have no knowledge sufficient to form a belief as to the truth of the averment that Lewis was given no prior notice of this meeting. The Defendants deny that Lewis was instructed to meet with Masone and admit the remaining averments of this paragraph.

20. The Defendants deny that the word "inflammatory" was used at the meeting and that Lewis confirmed that she brought the letter to work. The Defendants admit that Lewis'

employment was terminated with the provision of severance in lieu of notice pay and the remaining averments of this paragraph.

21. Denied.

22. Denied.

23. The Defendants admit that Brooks wrote a letter on April 6, 2000 concerning Lewis' firing but deny each and every remaining averment of the first sentence of this paragraph. The Defendants admit that the April 6, 2000 letter speaks for itself insofar as the second sentence is concerned and deny that there had been no warnings or notices of disciplinary action. The Defendants deny each and every remaining averment set forth in this paragraph.

24. The Defendants admit that the documents filed with the Office of Unemployment Insurance at the Department of Labor, Licensing & Regulation concerning Lewis speak for themselves. Denied.

25. Denied.

26. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment concerning the reason Lewis came to schedule a meeting with Meek. The Defendants admit that a meeting was held on April 12, 2000 and that at that meeting the letter was discussed and that Columbine High School was mentioned. The Defendants deny each and every remaining averment of this paragraph.

27. Denied.

28. Denied.

29. The Defendants repeat, reallege and incorporate by reference herein each of their responses to ¶1-28.

30. The Defendants admit that the rights provided by the Constitution of the United States speak for themselves.

31. Denied.

32. Denied.

33. Denied.

            s/_____
Barry Bach
Federal Bar No. 01795


            s/_____
Lynn Edwards Brenneman
Federal Bar No. 11872

HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland  21204
Tele:  (410) 938-8800
Facsimile:  (410) 321-7044

Attorneys for Defendants

## CERTIFICATION OF MAILING

I HEREBY CERTIFY that on this 2nd day of June 2003, a copy of the foregoing Answer was e-filed and forwarded to:

> Robin R. Cockey (Federal Bar No.: 02657)
> COCKEY, BRENNAN & MALONEY, P.C.
> 313 Lemmon Hill Lane
> Salisbury, MD 21801
> Attorney for Plaintiff

s/_____
Barry Bach